IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES AARON BROOKS,**

                Petitioner,

     v.                              CASE NO. 05-3418-SAC

**BILL HEDRICK, et al.,**

                Respondents.

**O R D E R**

Before the court is a civil complaint filed by a prisoner incarcerated in the USP-Hazelton in Bruceton Mills, WV., and plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Plaintiff seeks relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), on allegations centering on an August 2003 injury and the medical treatment provided while plaintiff was confined in the Medical Center for Federal Prisoners (MCFP) in Springfield, MO. Plaintiff also alleges he was subjected to tortious misconduct and cruel and unusual punishment in August 2003, including confinement for five to six days in a wheel chair.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed without prejudice based on plaintiff's apparent failure to fully exhaust administrative remedies. *See* 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

Plaintiff identifies no resort to administrative remedies within the Bureau of Prisons on any Bivens claim that defendants violated his constitutional rights. To the extent plaintiff seeks relief on allegations of staff negligence, plaintiff cites an FTCA administrative claim number but provides no information regarding the content or disposition of that administrative claim. This is insufficient. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 125 S.Ct. 344 (2004).

Absent supplementation of the complaint to satisfy the demands of 42 U.S.C. 1997e(a), the court finds the complaint should be dismissed without prejudice.

Plaintiff is also advised that if full exhaustion of administrative remedies is demonstrated, the complaint is subject to being dismissed if the court finds plaintiff's claims are legally frivolous or fail to state a claim for relief. *See* 28 U.S.C. 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). And if claims not subject to summary dismissal are identified, plaintiff is further advised the complaint is subject

2

to being transferred to a court having proper venue.[1]  See 28 U.S.C. 1406(a) (court to transfer a cause of action to a judicial district where venue is proper if transfer rather than dismissal is in the interest of justice).

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to supplement the complaint to avoid dismissal of this action  without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] Plaintiff identifies the defendants as MCFP staff and two private doctors in a Springfield, MO, hospital.  See 28 U.S.C. 1391(b)(venue is proper where all defendants reside or where the claim arose).