IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES AARON BROOKS,**

                     **Petitioner,**

      v.                              **CASE NO. 05-3418-SAC**

**BILL HEDRICK, et al.,**

                     **Respondents.**

**O R D E R**

Plaintiff, a prisoner incarcerated in USP-Hazelton in Bruceton Mills, WV, proceeds pro se on a complaint filed pursuant to 28 U.S.C. § 1331. By an order dated November 10, 2005, the court directed plaintiff to supplement the complaint to show full exhaustion of administrative remedies on plaintiff's claims, to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

Before the court are plaintiff's motions for reconsideration (Docs. 4 and 5).

Plaintiff's first motion for reconsideration simply provides a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 which essentially repeats information provided in plaintiff's earlier section 1915 motion. The court finds nothing in this pleading that warrants any modification of the order entered on November 10, 2005. This motion for reconsideration is denied.

In his second motion for reconsideration, plaintiff objects to any characterization of the complaint as being filed under 42 U.S.C. § 1983. Because no such judicial characterization of the complaint has occurred, plaintiff's objection is clearly misguided. To the extent plaintiff's motion can be liberally read as encompassing an objection to the exhaustion requirement in 42 U.S.C. § 1997e(a) being applied to this action, the court finds no merit to this objection.

The plain language of the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(emphasis added). This statutory exhaustion requirement clearly applies to prisoner complaints filed pursuant to Bivens. Porter v. Nussle, 534 U.S. 516, 524 (2002); Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003).

It is also clear that if full exhaustion of administrative remedies is demonstrated, the instant Bivens action will be subject to court screening to determine if the complaint or any portion thereof should be dismissed as frivolous, as failing to state a claim on which relief may be granted, or as seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). *See* Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants,

2

without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).  As previously noted by the court, if claims not subject to summary dismissal are identified, the complaint will then be subject to being transferred to a court having proper venue.[1]  *See* 28 U.S.C. § 1406(a) (court to transfer a cause of action to a judicial district where venue is proper if transfer rather than dismissal is in the interest of justice).

Accordingly, plaintiff's second motion for reconsideration is denied.  The court grants plaintiff a limited and final extension of time to demonstrate full exhaustion of administrative remedies to avoid dismissal of this action pursuant to 42 U.S.C. § 1997e(a) for the reasons stated herein and in the order entered on November 10, 2005.  The failure to make such a showing may result in the complaint being dismissed without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration (Docs. 4 and 5) are denied.

IT IS FURTHER ORDERED that plaintiff is granted to and including January 6, 2006, to supplement the complaint to avoid dismissal of this action without prejudice pursuant to 42 U.S.C. § 1997e(a).

---

[1] Plaintiff identifies the defendants as staff at the Medical Center for Federal Prisoners in Springfield, MO, and two private doctors in a Springfield hospital.  *See* 28 U.S.C. § 1391(b)(venue is proper where all defendants reside or where the claim arose).

Case 5:05-cv-03418-SAC   Document 6   Filed 12/15/05   Page 4 of 4

**IT IS SO ORDERED.**

DATED:   This 15th day of December 2005 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge

4